IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case 22-bk-01957 |
| Michael Scott Mogan | ) |
|     Debtor. | ) Adv. Proc. No. |
| | ) |
| | ) Chapter 11 |
| Michael Scott Mogan | ) |
|     Plaintiff. | ) Judge: Honorable David D. Cleary |
| | ) |
| v. | ) ADVERSARY COMPLAINT FOR |
| | ) DAMAGES RESULTING FROM |
| | ) VIOLATION OF THE AUTOMATIC STAY |
| | ) UNDER 11 U.S.C. §362 |
| Airbnb Inc, John Polito, Omelveny Myers LLP | ) |
| Dawn Sestito, Damali Taylor, Kelly | ) |
| Kambourelis, Jen Cardelus, Dave Willner | ) |
| Jeff Henry and Sanaz Ebrahini and Does 1-10 | ) |
|     Defendants | ) |

___

ADVERSARY COMPLAINT FOR DAMAGES RESULTING FROM VIOLATION OF THE
AUTOMATIC STAY UNDER 11 U.S.C. §362
___

Debtor, Michael Scott Mogan ("Plaintiff"), by and through his undersigned attorney, for his adversary complaint against Airbnb Inc, John Polito, Omelveny Myers LLP, Dawn Sestito, Damali Taylor, Kelly Kambourelis, Jen Cardelus, Dave Willner and Jeff Henry and Sanaz Ebrahini (collectively "Defendants") for damages for violations of the automatic stay under 11 U.S.C. §362 and Plaintiff states and alleges as follows:

**INTRODUCTORY STATEMENT**

1.    Plaintiff brings this action against Defendants for continuing civil proceedings in Federal Court in the Northern District Of California, titled *Mogan v Sacks Ricketts and Case et al*, Case No. 3:21-cv-8431 and Ninth Circuit Court of Appeals Case 22-15793 against Plaintiff

personally and his property, after he had filed for Chapter 13 Bankruptcy Protection despite the fact Defendants were informed multiple times of the bankruptcy proceedings and Defendants refused to stay/dismiss the action.

2. The maintenance of continuing of judicial proceedings against Plaintiff was a direct violation of the automatic stay under 11 U.S.C. §362.

3. It is well established that upon filing Bankruptcy, "[t]he automatic stay is self-executing" and "sweeps broadly, enjoining the commencement or continuation of any judicial, administrative, or other proceedings against the debtor." *Gruntz v. County of Los Angeles,* 202 F.3d 1074, 1081-82 (9th Cir. 2000) (en banc).

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this court pursuant to the provisions of 11 U.S.C. §1334 in that this proceeding arises from and is related to the above captioned case under Title 11.

5. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2), respectively.

6. This Court also has jurisdiction pursuant to 28 U.S.C. §1331 in light of Federal Subject Matter jurisdiction under 11 U.S.C. §362.

7. This matter is primarily a core proceeding under 28 U.S.C. §157 and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, Plaintiff consents to the entry of a final order by the Bankruptcy Judge. This adversary proceedings is proper in that it seeks injunctive and equitable relief pursuant to Fed. R. Bankruptcy P. 7001(7).

8. Venue lies in this District pursuant to 28 U.S.C. §1391(b).

## PARTIES

9. Plaintiff is a "debtor" as that term is defined by 11 U.S.C. §101(13).

10. Defendant Airbnb Inc. is a corporation organized and existing under the laws of the state of Delaware. Airbnb Inc.'s registered agent is CSC – Lawyers Incorporating Service 710 Gateway Oaks Drive, Sacramento, CA 95833.

11. Defendant John Polito, is an adult over the age of 18 years old and on information and belief, a resident of California. On information and belief he was Associate General Counsel, Global Litigation and Regulatory at Airbnb Inc. at all times relevant herein. On information and belief, he resides at 10658 Royal Crest Dr, Truckee, CA 96161.

12. Defendant Omelveny and Myers LLP's is a limited liability partnership with their principal place of business at 400 S. Hope St., 18th Floor, Los Angeles, CA 90071.

13. Defendant Dawn Sestito, is an adult over the age of 18 years old and on information and belief, a resident of Los Angeles county in the state of California. On information and belief she was a partner at Omelveny and Myers LLP at all times relevant herein. On information and belief, she resides at 717 Euclid St, Santa Monica, CA 90402

14. Defendant Damali Taylor, is an adult over the age of 18 years old and on information and belief, a resident of San Francisco County in the state of California. On information and belief she was a partner at Omelveny and Myers LLP at all times relevant herein. On information and belief, she resides at 1716 Sanchez St San Francisco, CA 94131.

15. Defendant Kelly Kambourelis is an adult over the age of 18 years old and on information and belief, a resident of Los Angeles County in the state of California. On information and belief she was an attorney at Omelveny and Myers LLP at all times relevant

herein. On information and belief, she resides at 53 N El Molino Ave, Apt 141, Pasadena, CA 91101.

16. Defendant Jen Cardelus is an adult over the age of 18 years old and on information and belief, a resident of Los Angeles County in the state of California. On information and belief she was an attorney at Omelveny and Myers LLP at all times relevant herein. On information and belief, she resides at 1153 S 3rd St, Alhambra, CA 91801.

17. Defendant Dave Willner, is an adult over the age of 18 years old and resident of San Mateo County in the state of California.  On information and belief, he resides at 1357 Johnson Street, Menlo Park, CA 94025.

18. Defendant Jeff Henry is an adult over the age of 18 years old and on information and belief, a resident of San Francisco County in the state of California. On information and belief, he resides at 385 14th St, Apt 1810, Oakland, CA 94612.

19. Defendant Sanaz Ebrahini, is an adult over the age of 18 years old and on information and belief, a resident of Multnomah County in the state of Oregon. On information and belief, she resides at 5087 Woodwinds Ct., West Linn, OR 97068.

20. Plaintiff is ignorant of the true names and capacities of each Defendant sued herein as DOES 1 through 10 (hereinafter "Does"), inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to include the true names and capacities of those Doe Defendants when they have been ascertained. At all times mentioned herein, each of the Does sued herein was the agent and/or employee of one or more of the Defendants and was acting within the purpose and scope of such agency and/or employment.

4

**FACTUAL ALLEGATIONS**

21. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs 1 through 20 as if fully set forth herein.

22. On October 29, 2021 Plaintiff filed a civil action in part against Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini in Federal Court in the Northern District Of California.

23. Defendants Dawn Sestito and Damali Taylor of Omelveny and Myers LLP filed an appearance on behalf of Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini in such proceedings and soonafter filed an action against Plaintiff seeking attorney fees from Plaintiff for civil and arbitration proceedings despite the fact Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini had no standing to seek attorney fees for such civil proceedings nor arbitration proceedings in the Federal Court in the Northern District Of California.

24. Defendants motion did not discuss the claims and allegations in Plaintiff's complaint filed against Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini in such proceedings and soonafter filed an action against Plaintiff seeking attorney fees and Defendants even admitted they were also seeking fees for reasons in a motion to dismiss which had not been prepared and filed yet.

25. Defendants admitted in their action seeking attorney fees they could not seek attorney fees for any prior proceedings yet still sought such fees.

26. In such action seeking attorney fees, Defendants sought attorney fees for a Statement of Decision issued in a case for Plaintiff's client (Case No. BC671735) in Los Angeles Superior Court in which proceedings none of Defendants were parties to.

5

27. In such action seeking attorney fees, Defendants sought attorney fees for an arbitration award in AAA Case No. 01-18-0003-7337 between Airbnb Inc. and Plaintiff's client.

28. In such action seeking attorney fees, Defendants sought attorney fees for Plaintiff filing a complaint on behalf of his client in Case No. BC671735 in Los Angeles Superior Court which proceedings none of Defendants were parties to.

29. In such action seeking attorney fees, Defendants sought attorney fees for an individual filing a cross-complaint against Plaintiff's client in Case No. BC671735 in Los Angeles Superior Court which proceedings none of Defendants were parties to.

30. In such action seeking attorney fees, Defendants sought attorney fees for Summary Adjudication Order Plaintiff's client in Case No. BC671735 in Los Angeles Superior Court which proceedings none of Defendants were parties to.

31. In such action seeking attorney fees, Defendants sought attorney fees for an order on a Motion to Dismiss or Stay Action in Case No. 2:21-cv-01188 in the Federal Court in the Central District Of California.

32. In such action seeking attorney fees, Defendants sought attorney fees for a case between Plaintiff's client and a third party (No. 37-2021-00025005) in San Diego Superior Court which proceedings none of Defendants were parties to.

33. In such action seeking attorney fees, Defendants sought attorney fees for Plaintiff filing a complaint on behalf of his client against Airbnb Inc. in San Francisco Superior Court.

34. In such action seeking attorney fees, Defendants sought attorney fees for a San Francisco Court compelling arbitration for a civil dispute between Plaintiff's client and Airbnb Inc. after the Judge allowing supplemental briefing and an additional oral argument.

35. In such action seeking attorney fees, Defendants sought attorney fees for an order denying a writ of mandate in a Case No. A154885 between Plaintiff's client and Airbnb Inc.

36. In such action seeking attorney fees, Defendants sought attorney fees for an order by a Chicago arbitrator dismissing an arbitration claim with prejudice after Plaintiff's client and the initial arbitrator quit when Airbnb's lawyers could not produce any agreement to arbitrate.

37. In such action seeking attorney fees, Defendants sought attorney fees for an order denying that an arbitration award be vacated in a proceeding between Plaintiff's client and Airbnb, Inc., Case No. 2:19-cv-09613, in the Central District of California.

38. In such action seeking attorney fees, Defendants sought attorney fees for Plaintiff filing a Complaint in San Francisco Superior Couty between Plaintiff's client and Defendants Jeff Henry, Dave Willner and Sanaz Ebrahini. (Case CGC-18-567741).

39. In such action seeking attorney fees, Defendants sought attorney fees for Plaintiff filing an amended Complaint in San Francisco Superior Couty between Plaintiff's client and Defendants Jeff Henry, Dave Willner and Sanaz Ebrahini. (Case CGC-18-567741).

40. In such action seeking attorney fees, Defendants sought attorney fees for the Court compelling arbitration in San Francisco Superior Couty between Plaintiff's client and Defendants Jeff Henry, Dave Willner and Sanaz Ebrahini. (Case CGC-18-567741).

41. In such action seeking attorney fees, Defendants sought attorney fees for an order issued by an arbitrator dismissing an arbitration claim without prejudice between Plaintiff's client and Defendants Jeff Henry, Dave Willner and Sanaz Ebrahini after the arbitrator refused to who refused to hold a final evidentiary hearing later Plaintiff made multiple requests to do so. (AAA Case No. 01-19-0000-5266).

42. In such action seeking attorney fees, Defendants sought attorney fees for Plaintiff refiling an arbitration claim on behalf of his client against Defendants Jeff Henry, Dave Willner and Sanaz Ebrahini which in such proceeding the American Arbitration Association appointed a new arbitrator. (AAA Case No. 01-19-0000-5266)

43. In such action seeking attorney fees, Defendants sought attorney fees for Plaintiff filing a motion to lift the stay in San Francisco Superior Court (Case CGC-18-567741) in a civil proceeding between

44. In such action seeking attorney fees, Defendants sought attorney fees for an interlocutory order awarding fees from Plaintiff for filing a motion to lift the stay in San Francisco Superior Court (Case CGC-18-567741) in a civil proceeding between Plaintiff's client and Defendants Jeff Henry, Dave Willner and Sanaz Ebrahini.

45. In such action seeking attorney fees, Defendants sought attorney fees for an appellate decision involving both Plaintiff's client and Plaintiff and Defendants Jeff Henry, Dave Willner and Sanaz Ebrahini. Case No. A158851.

46. In such action seeking attorney fees, Defendants sought attorney fees for the California Supreme Court denying a petition for review filed by Plaintiff (Case No. S265954) despite the fact the California Supreme Court only grants approximately two percent of Petitions for Review.

47. In such action seeking attorney fees, Defendants sought attorney fees for the United States Supreme Court denying a writ of certiorari filed by Plaintiff (Case No. 20-1542) despite the fact the United States Supreme Court only grants approximately less than 1% of such writs.

48. In such action seeking attorney fees, Defendants sought attorney fees for a declaratory judgment petition filed by Plaintiff on behalf of his client, Defendants Jeff Henry, Dave Willner and Sanaz Ebrahini. (Case No. 2:21-cv-070140

49. In such action seeking attorney fees, Defendants sought attorney fees after a Judge stayed such declaratory judgment petition filed by Plaintiff on behalf of his client, Defendants Jeff Henry, Dave Willner and Sanaz Ebrahini. (Case No. 2:21-cv-07014)

50. In such action seeking attorney fees, Defendants sought attorney fees for a Section §1983 complaint filed by Plaintiff which proceedings none of Defendants were parties to which action was dismissed.

51. Despite the fact Plaintiff had only filed one civil action in over forty eight years in California, Defendants filed a motion to declare Plaintiff a vexatious litigant and for fees against Plaintiff which the Court quickly denied as it had no basis in fact or law and was filed to vex and harass Plaintiff. Despite the fact the Court denied the motion, Defendants sought fees from Plaintiff for preparing the motion and supporting papers.

52. On February 22, 2022 Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code with this Court in the above entitled case and on April 4, 2022 Plaintiff converted the case under Chapter 11.

53. On February 22, 2022, Plaintiff emailed Defendants Damali Taylor and Dawn Sestito informing them that Plaintiff filed a Chapter 13 Bankruptcy petition in the Northern District of Illinois as an individual and provided Damali Taylor and Dawn Sestito the Bankruptcy Case No. 22-01957 and Plaintiff even attached the filing fee receipt for his bankruptcy petition.

9

54. On February 23, 2023 Plaintiff electronically filed a notice of Plaintiff's Chapter 13 Bankruptcy Filing and Automatic Stay Pursuant To 11 U.S.C. § 362(a) in the proceedings in Federal Court in the Northern District of California (Case 3:21-cv-8431) and Plaintiff again included the Bankruptcy case number and Bankruptcy Court in such notice. Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were served such notice.

55. On February 23, Plaintiff filed a notice of ex-parte application and ex-parte application for a stay of all proceedings pending in the Northern District of California thus Plaintiff once again informed Defendants that Plaintiff filed a Chapter 13 bankruptcy petition on February 22, 2022. Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were electronically served notice of the ex-parte and ex-parte application.

56. Defendants continued to proceed with judicial proceedings against Plaintiff in the Northern District of California and Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP filed an opposition to Plaintiff's ex-parte application to stay all proceedings on behalf of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini.

57. Since Defendants continued to proceed with judicial proceedings against Plaintiff in Federal Court in the Northern District of California and also since Defendants would not withdraw or stay such proceedings, Plaintiff filed a reply to opposition to Plaintiff's ex-parte application to stay of all proceedings filed by Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP on behalf of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini. Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were electronically served Plaintiff's reply papers.

58. Since Defendants continued to proceed with judicial proceedings against Plaintiff in Federal Court in the Northern District of California and also since Defendants would not

withdraw or stay such proceedings, Plaintiff prepared and filed a response to a motion seeking attorney fees that was filed by Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP on behalf of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini. Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were electronically served Plaintiff's response.

59. Since Defendants continued to proceed with judicial proceedings against Plaintiff in Federal Court in the Northern District of California and also since Defendants would not withdraw or stay such proceedings, Plaintiff prepared and filed a notice of motion and motion for relief from judgment under Federal Rules of Civil Procedure 59(e) on May 24, 2022 in part to oppose an order granting Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini attorney fees. Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were electronically served Plaintiff's motion.

60. Since Defendants continued to proceed with judicial proceedings against Plaintiff in Federal Court in the Northern District of California and also since Defendants would not withdraw or stay such proceedings, Plaintiff prepared and filed a notice of appeal with the Ninth Circuit Court of Appeals on May 25, 2022. Plaintiff not only appealed an order granting attorney fees to Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini, but Plaintiff also appealed other orders including in part the order on Plaintiff's Federal Rules of Civil Procedure 59(e) motion. Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were electronically served Plaintiff's notice of appeal.

61. Since Defendants continued to proceed with judicial proceedings against Plaintiff in Federal Court in the Northern District of California and also since Defendants would not withdraw or stay such proceedings, Plaintiff prepared a notice of ex-parte application and ex-parte application for a stay of any judgment granted in favor of Defendants Airbnb Inc., Dave

Willner, Jeff Henry and Sanaz Ebrahini pending appeal and filed it on May 31, 2022.  Plaintiff once again stated an automatic stay under the Bankruptcy Code exists. Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were electronically served Plaintiff's notice of ex-parte application and ex-parte application.

62.    On June 14, 2022, an opposition to Plaintiff's ex-parte application for stay of judgment pending appeal was filed by Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP on behalf of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini.

63.    Since Defendants continued to proceed with judicial proceedings against Plaintiff in Federal Court in the Northern District of California and also since Defendants would not withdraw or stay such proceedings, Plaintiff prepared a reply to Defendants opposition to Plaintiff's ex-parte application for stay of judgment pending appeal and filed it on June 21, 2022. Plaintiff once again stated in his reply papers in part an automatic stay under 11 U.S.C. §362(a) existed based upon Plaintiff's bankruptcy petition.  Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were electronically served Plaintiff's reply.

64.    Since Defendants continued to proceed with judicial proceedings against Plaintiff in both Federal Court in the Northern District of California and the Ninth Circuit Court Of Appeals and also since Defendants would not withdraw or stay such proceedings in either the Northern District of California or Ninth Circuit Court of Appeals, Plaintiff prepared and filed an opening brief on or about October 10, 2022 in the Ninth Circuit Court of Appeals. (Case 22-15793) Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were electronically served Plaintiff's opening brief.

65. Since Defendants continued to proceed with judicial proceedings against Plaintiff in Federal Court in the Northern District of California and the Ninth Circuit Court Of Appeals and also since Defendants would not withdraw or stay such proceedings in either the Northern District of California or Ninth Circuit Court of Appeals, Plaintiff prepared and filed twelve volumes of excerpts of record on or about October 10, 2022 in the Ninth Circuit Court of Appeals.  Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were electronically served all the volumes of excerpts of record.

66. Since Defendants continued to proceed with judicial proceedings against Plaintiff in Federal Court in the Northern District of California and the Ninth Circuit Court Of Appeals and also since Defendants would not withdraw or stay such proceedings in either the Northern District of California or Ninth Circuit Court of Appeals, Plaintiff prepared the paper copies of his opening brief and the twelve volumes of the excerpts of record and sent them to the Ninth Circuit Court of Appeals.

67. On November 10, 2022 an answering brief to Plaintiff's opening brief was filed by Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP on behalf of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini in the Ninth Circuit Court of Appeals.

68. Since Defendants continued to proceed with judicial proceedings against Plaintiff in the Federal Court and the Northern District of California and also since Defendants would not withdraw or stay such proceedings in either the Northern District of California or Ninth Circuit Court of Appeals, Plaintiff prepared and filed a reply brief in the Ninth Circuit Court of Appeals on January 10, 2023.  Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were electronically served Plaintiff's reply brief.

13

69. Since Defendants continued to proceed with judicial proceedings against Plaintiff in Federal Court the Northern District of California and the Ninth Circuit Court and Appeals and also since Defendants would not withdraw or stay such proceedings in either the Northern District of California or Ninth Circuit Court of Appeals, Plaintiff prepared the paper copies of his reply brief and sent the copies to the Ninth Circuit Court of Appeals vis U.S. mail.

70. After the Ninth Circuit Court of Appeals issued its opinion for the appeal Plaintiff field, on April 27, 2023 Plaintiff filed a request for a stay of the appeal due to Plaintiff's pending Chapter 11 bankruptcy court proceedings. Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were electronically served Plaintiff's request for stay of the appeal.

71. On May 9, 2023, an opposition to Plaintiff's request for stay of appeal due to Plaintiff's pending Chapter 11 bankruptcy court proceedings was filed by Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP on behalf of Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini in the Ninth Circuit Court of Appeals.

72. Since Defendants continued to proceed with judicial proceedings against Plaintiff in Federal Court in the Northern District of California and the Ninth Circuit Court Of Appeals and also since Defendants would not withdraw or stay such proceedings in the Northern District of California or Ninth Circuit Court of Appeals, Plaintiff prepared and filed a Petition for A Writ of Certiorari with the United States Supreme Court and Appendix and filed it with the Court on or about September 5, 2023. Defendants Damali Taylor and Dawn Sestito of Omelveny and Myers LLP were served Plaintiff's Petition for A Writ of Certiorari and appendix via email and U.S. mail.

73.     After Plaintiff had filed his bankruptcy petition, Defendant Damali Taylor mentioned Airbnb Inc. by name and threatened to get Plaintiff disbarred and impose injunctive relief upon Plaintiff during a telephone call with an arbitrator based in Chicago.

**COUNT I**
**WILLFUL VIOLATION OF 11 U.S.C. §362**
**(Against All Defendants)**

74.     Plaintiff realleges and incorporates by reference the foregoing paragraphs 1-73 as if fully set forth herein.

75.     The Automatic Stay under 11 U.S.C. §362 provides in pertinent part:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

76. An absolute unqualified duty exists to immediately dismiss or stay an action once a creditor is aware of a Bankruptcy case. See: *Eskinos & Adler, P.C. v. Leetien,* 309 F.3d 1210, 1214 (9th Cir. 2002), (A party violating the automatic stay, through continuing a

collection in a nonbankruptcy forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations pursuant to 11 U.S.C. §362.

77. Defendants had notice of Plaintiff's Bankruptcy since at least February 22, 2022, when Plaintiff emailed Defendants informing them of Plaintiff's Chapter 13 Bankruptcy Petition.

78. Defendants had an absolute unqualified duty to stay or dismiss the Action against Plaintiff on February 22, 2022 once Defendants were aware of the Bankruptcy.

79. Since Defendants never stayed or dismissed the Action once Defendants were aware of the Bankruptcy in both Federal Court in the Northern District of California and the Ninth Circuit Court Of Appeals, they directly violated 11 U.S.C. §362, subjecting them to damages.

80. Defendants were aware of their Stay Violations since the email dated February 22, 2022.

81. Since Defendants never remedied their Stay Violations, they further violated 11 U.S.C. §362, subjecting Defendants to damages.

## DAMAGES

82. Damages are defined under 11 U.S.C. §362(k), which provides in pertinent part:

> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

83. Damages from a willful stay violation are mandatory. See *Simbas v.*

16

*Taylor (In re Taylor),* 884 F.2d 478, 483 (9th Cir. 1989) (If a bankruptcy court finds that a willful violation of the automatic stay has occurred, an award of actual damages to an individual debtor, including attorney's fees, is mandatory.)

84. Plaintiff sustained actual damages as a direct result of Defendants numerous refusals to stay the Action, including but not limited to:

   a. Emotional distress, pain and suffering, sleeplessness, hopelessness, annoyance, aggravation, and anxiety;

   b. Out of pocket costs;

   c. Loss of time;

   d. Attorney fees and costs in correcting the stay violations; and

   e. Other incidental and consequential damages.

85. The absolute refusal to stay or dismiss the Action despite knowledge of the Bankruptcy, knowledge of its duties to remedy the violations, and numerous demands with authorities by Plaintiff, further evidences a reckless and callous disregard to 11 USC 362, and subjects Defendants to additional punitive damages. See *In re Bloom,* 875 F.2d 224, 228 (9th Cir. 1989), "We have traditionally been reluctant to grant punitive damages absent a showing of reckless or callous disregard for the law or rights of others."

86. "In the context of the Bankruptcy Code, a key societal interest underlying § 362(k)(1) is to have a self-executing private law mechanism to enforce the automatic stay that is crucial to effective operation of the bankruptcy system. The statutory punitive damages remedy evinces a public purpose that the automatic stay is not a toothless tiger that can be flouted with impunity." *Sundquist v. Bank of Am., N.A.,* 566 B.R. 563, 615 (Bankr. E.D. Cal. 2017).

## PRAYERS FOR RELIEF

WHEREFORE, having set forth his claims for relief against Defendants herein, Plaintiff respectfully requests this Court to enter Judgment against Defendants as follows:

**A**. An award of Actual Damages under 11 U.S.C. §362(k), including but not limited to:

a. Emotional distress, pain and suffering, sleeplessness, hopelessness, annoyance, aggravation and anxiety;

b. Out of pocket costs;

c. Loss of time;

d. Attorney fees and costs in correcting the stay violations; and

e. Other incidental and consequential damages;

**B**. An award of Punitive Damages under 11 U.S.C. §362(k) due to the reckless and callous disregard of 11 USC 362;

**C**. An award of Attorney's fees and costs under 11 U.S.C. §362(k) incurred in the prosecution of this case;

**D**. Such other and further relief as the Court deems just and proper.

Dated: December 6, 2023

Respectfully Submitted,

**MICHAEL MOGAN**

By: /s/ Michael Mogan

**Plaintiff**

**Counsel for Plaintiff:**
Michael Mogan
Law Office Of Michael Mogan
4803 N. Milwaukee Ave, Suite B, Unit #244
Chicago, IL 60630
mm@michaelmogan.com
P: (773) 799-8477
F: (872) 702-6445